IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FLOWBEE INTERNATIONAL, INC. and FLOWBEE HAIRCUTTER LIMITED PARTNERSHIP, | § § § § | |
| Plaintiffs, | § § | Civil Action No. C-09-199 |
| v. | § § | |
| GOOGLE, INC., | § § § | |
| Defendant. | § § § | |

JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE

Please restate the instruction before furnishing the information

1.  State when the conference of the parties required by Rule 26 was held, and identify the counsel who attended for each party.

    **The conference of the parties was held by telephone on September 10, 2009. David Bright of Watts Guerra Craft, LLP was present for Plaintiffs and Carl Butzer and Shannon Zmud of Jackson Walker, LLP and Margret Caruso and Cheryl Galvin of Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP were present for Defendant.**

2.  List the cases related to this one that are pending in any state or federal court, with the case number and court.

    **None.**

3.  Briefly describe what this case is about.

    **Plaintiffs:** "Flowbee" is a coined, trademarked name owned by Plaintiffs that refers to a particular patented vacuum haircutting system. While the Flowbee haircutting system has competitors, the competitors are not called Flowbee, nor is Flowbee a generic term.

Google, Inc. has sold the Plaintiffs' trademarked name, "Flowbee," to Flowbee's competitor or competitors as a keyword trigger through its "Sponsored Links" program. Thus, when a potential Flowbee customer enters the trademarked term "Flowbee" in a Google search, the search results display Flowbee's competitor or competitors either above or adjacent to the link to Flowbee's website. This has violated Plaintiffs' copyright, has caused Plaintiffs financial damages, and has resulted in an unjust financial benefit to Google, Inc.

Google, Inc. has additionally sold the Plaintiffs' trademarked name, Flowbee, to a competitor or competitors as a keyword trigger through Google's AdSense Program. Thus, when a potential Flowbee customer clicks upon the term "Flowbee," they are directed to competitors of Flowbee. This has violated Plaintiffs' copyright, has caused Plaintiffs financial damages, and has resulted in an unjust financial benefit to Google, Inc.

Plaintiffs have brought suit against Google, Inc. for violations of federal trademark/service mark infringement under the Lanham Act, 15 USC, §§ 1114, 1125(a); contributory federal trademark/service mark infringement, Lanham Act, 15 USC, §§ 114 and 1125(a); vicarious trademark/service mark infringement, Lanham Act, 15 USC, §§ 1114 and 1125(a); false representation under the Lanham Act, Lanham Act, 15 USC, § 1125(a); federal trademark dilution, Lanham Act 15, USC § 1125(c); trademark infringement under Texas law; trademark dilution under Texas law, Tex. Bus. & Com Code § 16.29; unfair competition under Texas law; misappropriation under Texas law; and money had and received under Texas law. Plaintiffs' Original Complaint contains a more thorough description of the Plaintiffs' allegations and causes of action.

<u>Defendant</u>: Defendant Google is an Internet service provider that operates a popular search engine, which is available free of charge to Internet users. In conjunction with this free search engine, Google operates an advertising program called AdWords, which allows hundreds of thousands of people and businesses to promote their products and services through targeted advertising. Under Google's AdWords program, ads placed by advertisers are displayed on the organic search results page under the heading "Sponsored Links" and relate to the particular terms and phrases entered by users into Google's search engine.

Both Google's organic search results and its revenue-producing AdWords advertisements help Internet users quickly and easily access relevant information. For example, a search for a particular product may yield links to websites of the company offering the product; of retailers or repairers of that product; of competitors who offer information about features of comparable products, including price, that facilitate comparison shopping; maps that show where the product can be found, as well as the location of nearby businesses; videos and images featuring the product; and news, consumer reports, commentary, reviews, and criticism of the product.

Plaintiffs' purported claims against Google are based on AdWords advertisements created and paid for by third-party advertisers. These advertisers bid on the opportunity to have their advertisements appear when users of Google's search engine enter certain words or word combinations as search queries. Google believes that truthful advertisements containing links to websites offering competitive and relevant products are helpful to consumers, not confusing as to source or affiliation, and not a violation of Flowbee's rights by Google. Google contends that it has not violated any of Flowbee's rights under the Lanham Act or otherwise.

4. Specify the allegation of federal jurisdiction.

   **Plaintiffs:** Diversity [USC §§ 1331, 1338(a), and 1338(b)] and Lanham Act [15 USC §§ 1114, 1125]. Plaintiffs assert that venue is proper in the United States District Court for the Southern District of Texas, Corpus Christi Division under 28 USC § 1391, because a substantial part of the events or omissions giving rise to the claim occurred in this venue, and there is no legal or contractual basis for mandatory venue of this suit elsewhere.

   **Defendant: Defendant has not asserted any claims at this time.**

5. Name the parties who disagree and the reasons.

   **Defendant: Defendant disagrees that venue is proper in the Southern District of Texas. Instead, Defendant believes that venue is proper in the Northern District of California based on the mandatory forum selection clause in the AdWords Contract agreed to by both parties, which covers all claims relating to Google's advertising programs. Defendant will fully articulate its position in its Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(3), which it plans to file on September 14, 2009.**

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

   **None at this time.**

7. List anticipated interventions.

   **None.**

8. Describe class-action issues.

   **None.**

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

3

**Plaintiffs:** Yes. Plaintiffs made their Initial Disclosures on September 10, 2009.

**Defendant:** Defendant will make its Initial Disclosures on or before September 22, 2009.

10. Describe the proposed agreed discovery plan, including:

    A. Responses to all the matters raised in Rule 26(f).

    **Plaintiffs anticipate completing discovery in the areas raised in Federal Rule 26(f) within the discovery deadline set by the Court.**

    **In addition to the issues set forth herein, the parties will negotiate and submit to the Court a stipulated protective order and ESI protocol. The parties also agree that they need not identify on a privilege log privileged documents created by a lawyer or addressed to a lawyer after the date the complaint was filed.**

    B. When and to whom the Plaintiff anticipates it may send interrogatories.

    **Plaintiffs anticipate that they will serve initial interrogatories on the Defendant on or around October 26, 2009.**

    C. When and to whom the defendant anticipates it may send interrogatories.

    **Defendant anticipates that it will serve interrogatories on the Plaintiffs on or around October 26, 2009.**

    D. Of whom and by when the plaintiff anticipates taking oral depositions.

    **Plaintiffs anticipate taking depositions of Defendant's corporate representatives and fact witnesses identified by Defendant a short time after written discovery has been conducted. Plaintiffs anticipate deposing any expert witnesses designated by Defendant within the discovery period. Plaintiffs may determine that additional depositions are necessary as discovery proceeds.**

    E. Of whom and by when the defendant anticipates taking oral depositions.

    **Defendant anticipates taking the oral depositions of Plaintiffs' corporate officers and Plaintiffs' expert witnesses by June 30, 2010. Defendant may determine that additional depositions are necessary as discovery proceeds.**

    F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)2(B), and when the opposing party will be able to designate responsive experts and provide their reports.

> **Pursuant to the Scheduling Order issued by the Court, Plaintiffs will designate experts by May 21, 2010, and Defendant will designate experts by June 10, 2010.**

G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)2(B) (expert report).

> **Plaintiffs anticipate deposing any expert witnesses designated by Defendant within the discovery period.**

H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)2(B) (expert report).

> **Defendant anticipates completing its depositions of experts designated by Plaintiffs within the discovery period.**

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

   **Not applicable.**

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

   **None.**

13. State the date the planned discovery can reasonably be completed.

   **The parties anticipate exchanging initial written discovery requests on or around October 26, 2009 and completing discovery by June 30, 2010, pursuant to the Scheduling Order issued by the Court.**

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) conference.

   **The parties have agreed that, after discovery is conducted, the parties will participate in a mediation.**

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

   **The parties have engaged in preliminary discussions about settlement.**

16. From the attorney's discussions with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

   **Mediation, after discovery is complete or substantially complete.**

5

17. Magistrate judges may hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    **The parties cannot agree to try this case before a magistrate judge.**

18. State whether a jury demand has been made and if it was made on time.

    **Yes. Plaintiffs made a jury demand in their Original Complaint.**

19. Specify the number of hours it will take to present the evidence in this case.

    **45 hours.**

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    <u>Plaintiffs</u>: None.

    <u>Defendant</u>: None (but see item 21).

21. List other pending motions.

    <u>Plaintiffs</u>: **None at this time.**

    <u>Defendant</u>: **Google's Motion to Dismiss under Rule 12(b)(3) will be filed with the Court on September 14, 2009. Although the opposition to that motion is not due before the pretrial conference on September 23, Google welcomes any discussion the Court may wish to have about the motion at that time.**

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the Court at the conference.

    **None at this time.**

23. Certify that all parties have filed Disclosures of Interested Parties as directed in the Order of Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

    <u>Plaintiffs</u>: **Plaintiffs filed their Certificate of Interested Parties August 28, 2009, and Amended Certificate of Interested Parties on September 10, 2009.**

    <u>Defendant</u>: **Defendant filed its Certificate of Interested Parties on September 9, 2009.**

24. List the names, bar numbers, addresses, and telephone numbers of all counsel.

**Plaintiffs:**

    David T. Bright
    State Bar No. 02991490
    Federal Bar No. 8628
    Mikal C. Watts
    State Bar No. 20918120
    Federal Bar No. 12419
    Christopher V. Goodpastor
    State Bar No. 00791991
    Federal Bar No. 18505
    Watts Guerra Craft, L.L.P.
    Tower Building
    555 North Carancahua, Suite 1400
    Corpus Christi, Texas 78478
    (361) 887-0500 Telephone
    (361) 887-0055 Telecopier

**Defendant:**

    Charles "Chip" L. Babcock (lead local counsel)
    Texas State Bar No. 01479500
    Federal Bar No. 10982
    Jackson Walker, LLP
    1401 McKinney, Suite 1900
    Houston, Texas 77010
    (713) 752-4210

    Carl C. Butzer
    Texas State Bar No. 03545900
    Federal Bar No. 16376
    Jackson Walker, LLP
    901 Main Street, Suite 6000
    Dallas, Texas 75202
    (214) 953-5902

    Margret M. Caruso
    California State Bar No. 243473
    Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
    555 Twin Dolphin Drive, Suite 560
    Redwood Shores, California 94065
    (650) 801-5101



David T. Bright
State Bar No. 02991490
Federal Bar No. 8628
Mikal C. Watts
State Bar No. 20918120
Federal Bar No. 12419
Christopher V. Goodpastor
State Bar No. 00791991
Federal Bar No. 18505
Watts Guerra Craft, L.L.P.
Tower Building
555 North Carancahua, Suite 1400
Corpus Christi, Texas 78478
(361) 887-0500 Telephone
(361) 887-0055 Telecopier
**Counsel for Plaintiffs**

Date: 11 September 09

Carl Butzer by permission DTB

Charles L. "Chip" Babcock
State Bar No. 01479500
Federal Bar No. 10982
Jackson Walker, LLP
1401 McKinney, Suite 1900
Houston, Texas 77010-4008
(713) 752-4210 Telephone
(713) 308-4110 Telecopier

Date: 11 September 09

Carl C. Butzer
State Bar No. 03545900
Federal Bar No. 16376
Jackson Walker, LLP
Bank of America Plaza
901 Main Street, Suite 6000
Dallas, Texas 75202
(214) 953-6000 Telephone
(214) 953-5822 Telecopier

**Counsel for Defendant**

8