# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FLOWBEE INTERNATIONAL, INC. | § | |
| and FLOWBEE HAIRCUTTER | § | |
| LIMITED PARTNERSHIP, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. C-09-199 |
| | § | |
| GOOGLE INC., | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT GOOGLE INC.'S MOTION TO DISMISS UNDER RULE 12(b)(3)

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS:

Defendant Google Inc. ("Google") hereby respectfully moves this Court to dismiss the

Complaint of Plaintiffs Flowbee International, Inc. ("Flowbee Int'l") and Flowbee Haircutter

Limited Partnership ("Flowbee L.P.") (collectively "Flowbee") pursuant to Rule 12(b)(3) of the

Federal Rules of Civil Procedure, or, in the alternative, to transfer this action to the Northern

District of California pursuant to 28 U.S.C. § 1406 or § 1404.

## INTRODUCTION

Flowbee's Complaint should not be before this Court. Pursuant to Flowbee's contract

with Google relating to the AdWords advertising program, any claims Flowbee wishes to assert

against Google relating to AdWords, or any other Google advertising program, can be litigated

only in the courts of Santa Clara County, California. Because Flowbee's entire Complaint is

predicated on allegations concerning Google's advertising programs, this action cannot proceed

here. Rather, pursuant to the Parties' mandatory forum selection provision, venue is proper only

Defendant Google Inc.'s Motion to Dismiss Under Rule 12(b)(3) – Page 1

in the courts of Santa Clara County, California. Accordingly, Flowbee's Complaint should be dismissed due to improper venue.

## RELEVANT FACTUAL BACKGROUND

Google is an Internet company based in Mountain View, California. Complaint, ¶ 9. Google is best known for its Internet search engine, which, in response to user queries, displays listings of websites generated from a database of websites using an algorithm. *Id.* ¶¶ 4, 31. Flowbee refers to these search results as "natural" or "organic" search results. *Id.* ¶¶ 4, 32. Google's search result pages may also display advertisements labeled "Sponsored Links," next to or above the organic search results. *Id.* ¶¶ 5, 35, 45. The Sponsored Link advertisements are created by third-party advertisers, who offer to pay for the opportunity to have their advertisements displayed when a user enters certain words or phrases ("keywords") in Google's search engine. *Id.* ¶¶ 45-47, 77-78.

In connection with its participation in Google's AdWords advertising program to display targeted "Sponsored Links" on Google's website, Flowbee agreed to certain terms and conditions (the "AdWords Contract") by clicking "yes" in an interactive window. Declaration of Tracy Lee-Blumberg dated September 11, 2009, submitted herewith as Exhibit 1, ("Lee-Blumberg Decl."), ¶¶ 4-8. The AdWords Contract contains a clear and conspicuous exclusive forum selection and choice-of-law clause, which provides in relevant part:

> 9     **Miscellaneous**. THE AGREEMENT MUST BE CONSTRUED AS IF BOTH PARTIES JOINTLY WROTE IT AND GOVERNED BY CALIFORNIA LAW EXCEPT FOR ITS CONFLICTS OF LAWS PRINCIPLES. **ALL CLAIMS ARISING OUT OF OR RELATING TO THIS AGREEMENT OR THE GOOGLE PROGRAM(S) SHALL BE LITIGATED EXCLUSIVELY IN THE FEDERAL OR STATE COURTS OF SANTA CLARA COUNTY, CALIFORNIA, USA**, AND GOOGLE AND CUSTOMER CONSENT TO PERSONAL JURISDICTION IN THOSE COURTS.

Lee-Blumberg Decl. ¶ 9, Ex. A, ¶ 9 (underlining and bold added). As used in the AdWords

Contract, the "Google Program(s)" means any of Google's advertising programs. *Id*., Ex. A.

**ARGUMENT**

**I.      THE PARTIES' EXCLUSIVE VENUE AGREEMENT REQUIRES DISMISSAL
OF FLOWBEE'S COMPLAINT**

Federal Rule of Civil Procedure 12(b)(3) provides parties with the opportunity to assert

the defense of improper venue by motion. In the Fifth Circuit, a valid forum selection clause

designating a forum other than the one in which the case was filed "divest[s] the district court of

jurisdiction" over the plaintiff's claims. *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 243 (5th

Cir. 2009) (affirming dismissal of a claim under Rule 12(b)(3)). Accordingly, where a valid

forum selection clause designates another court as the exclusive venue for litigation, dismissal

under Federal Rule of Civil Procedure 12(b)(3) is proper. *See, e.g.*, *id.; Lim v. Offshore

Specialty Fabricators, Inc.*, 404 F.3d 898, 902 (5th Cir. 2005) ("[O]ur court has treated a motion

to dismiss based on a forum selection clause as properly brought under Rule 12(b)(3)").[1]

Because the Parties have agreed to litigate exclusively in a different forum, the Southern District

of Texas is the "wrong venue" for this action. *MaxEN Capital*, 2009 WL 936895 at *8.

Once a defendant has brought a motion to dismiss for improper venue under Rule

12(b)(3), "the burden of sustaining the venue rests with the Plaintiff." *Laserdynamics,* 209

F.R.D. at 390. This burden is quite difficult to sustain: "Under federal law, forum-selection

clauses are presumed enforceable, and the party resisting enforcement bears a 'heavy burden of

---

[1]    *See also MaxEN Capital, LLC v. Sutherland*, No. H-08-3590, 2009 WL 936895 at **4, 8
(S.D. Tex. Apr. 3, 2009) (dismissing case under 12(b)(3) where the forum selection clause
required any claims to be brought in Virginia federal or state courts); *Greer v. 1-800-
Flowers.com, Inc.*, No. H-07-2543, 2007 WL 3102178, at **1, 3 (S.D. Tex. Oct. 3, 2007)
(dismissing case under 12(b)(3) where the forum selection clause required any claims to be
brought in New York federal or state courts); *Laserdynamics, Inc. v. Acer America Corp.*, 209
F.R.D. 388, 391-92 (S.D. Tex. 2002) (dismissing case under 12(b)(3) where the forum selection
clause required any claims to be brought in California federal or state courts).

proof.'" *Ginter v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 441 (5th Cir. 2008) (quoting *Haynsworth v. The Corporation*, 121 F.3d 956, 963 (5th Cir. 1997)). Because the forum selection clause in the Parties' agreement is mandatory, Flowbee's Complaint is within the scope of the forum selection clause, and Flowbee cannot carry its heavy burden of proving unenforceability, the Complaint should be dismissed.

> **A.      The Parties' Mandatory Forum Selection Clause Applies To Flowbee's Claims.**

The forum selection clause in the AdWords contract accepted by Flowbee states "ALL CLAIMS ARISING OUT OF OR RELATING TO THIS AGREEMENT OR THE GOOGLE PROGRAM(S) SHALL BE LITIGATED EXCLUSIVELY IN THE FEDERAL OR STATE COURTS OF SANTA CLARA COUNTY, CALIFORNIA." Lee-Blumberg Decl. ¶ 9, Ex. A, ¶ 9. The "exclusively" language makes the clause mandatory, not optional, in determining the appropriate venue. *See*, *e.g.*, *Park Place LX of Texas, Ltd. v. Market Scan Information Systems, Inc.*, No. 3:04-CV-0105-H*,* 2004 WL 524944, at \*2 (N.D. Tex. Mar. 17, 2004) (holding a forum selection clause stating a specific forum is the "exclusive" place to resolve disputes to be mandatory and thus enforceable).

Further, the venue clause here is extremely broad. Unlike narrow clauses limited to claims "arising from" a breach of the parties' contract, the clause here goes further to encompass "ALL CLAIMS . . . RELATING TO . . . GOOGLE PROGRAM(S)." Such provisions are routinely enforced against claims other than for breach of contract. *See, e.g., Ginter*, 536 F.3d at 444-45; *Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, 222-23 (5th Cir. 1998); *MaxEN Capital,* 2009 WL 936895 at \*\*6-7; *Greer*, 2007 WL 3102178 at \*2. This Court's ruling in *Greer* highlights the great deference forum selection clauses receive. The *Greer* Court held that the plaintiff's claim for deceptive trade practices in connection with the defendant's

privacy policy clearly arose under the Terms of Use, which provided that "'the exclusive venue

'for all claims and disputes arising under the Terms of Use or in connection with this Web Site

shall be the appropriate state or federal courts located in Nassau or Suffolk counties in the State

of New York . . . .'" *Greer*, 2007 WL 3102178 at * 1.  Enforcing the provision, the Court

rejected Greer's arguments that he should not be bound by the terms because he placed his

flower order by telephone, not the defendant's website.  *Id*. at *2.  Finding that Greer had looked

at the website and assented to the terms, even if he claimed not to have seen them, the Court

determined that he had agreed to the Terms of Use and they governed his claims.  *Id*.

Unlike Greer, whose consent was inferred merely by his review of the defendant's

website, Flowbee affirmatively assented to the AdWords Contract when it created its AdWords

account.  Lee-Blumberg Decl. ¶¶ 4-8.  The AdWords Contract's exclusive forum selection clause

covers all claims "relating to . . . the Google Programs(s)," which it defines as "Google's

advertising program(s)."  *Id*., ¶ 9, Ex. A, ¶ 9.  Flowbee's Complaint is undeniably related to

Google's advertising programs.  Every action Flowbee complains about occurs in connection

with Google's advertising programs, and the Complaint repeatedly references Google's

"advertising program(s)," "advertisers," "advertisements," "advertising," the "AdWords

program," and the "Sponsored Links" that are displayed through the AdWords program on

Google's website.  Complaint, ¶¶ 5-6, 34-42, 45-58, 61-66, 68-79, 81-86, 90-93, 99-103, 109-

113, 118-19, 126-29, 161-62, pp. 48-49.  Accordingly, because it "relates to" Google advertising

programs and services, Flowbee's Complaint is within the scope of the Parties' mandatory forum

selection clause.

**B.** **The Parties' Forum Selection Clause Is Presumptively Valid And Should Be Enforced.**

To overcome the presumption of validity, a plaintiff must clearly show (1) the forum selection clause was "the product of fraud or overreaching;" (2) litigation in the forum will be so inconvenient as to deprive plaintiff of its day in court; (3) the chosen law is fundamentally unfair and will deprive the plaintiff of a remedy; or (4) enforcement of the clause would "contravene a strong public policy of the forum state." *Haynsworth*, 121 F.3d at 963 (citations omitted). Flowbee cannot meet any of these tests.

Flowbee cannot show that the forum selection clause was entered into by fraud or overreaching. To show fraud, Flowbee would have to prove fraud in the inducement of the forum selection clause, which it cannot do. *MaxEn Capital*, 2009 WL 936895 at *7. Nor can it prove overreaching, which "'results from an inequality of bargaining power or other circumstances in which there is an absence of meaningful choice on the part of one of the parties.'" *Id*. at *8 (quoting *Haynsworth*, 121 F.3d at 965 n.17). This extreme degree of inequality of bargaining power does not exist here. *See*, *e.g*., *Braspetro Oil Services Company v. Modec (USA)*, 240 Fed. Appx. 612, 618 (5th Cir. 2007) (considering sophistication of the parties in enforcing a forum selection clause); *Hartash Construction, Inc. v. Drury Inns Inc.*, 252 F.3d 436, 2001 WL 361109, **3-4 (5th Cir. 2001) (same). According to its own allegations, Flowbee is a sophisticated company with "worldwide recognition" that "conducts a substantial amount of its business over the Internet and has made a sizeable investment in the development of its online business." Complaint, ¶¶ 16, 29; *see also id*. ¶¶ 23-24 (Flowbee "has invested in worldwide advertising and marketing" and "promotes its products on the Internet.").

Flowbee also cannot argue that the forum selection clause is invalid for overreaching because it did not have an opportunity to negotiate its terms. *See Haynsworth*, 121 F.3d at 965

(finding that a forum selection clause in an adhesion contract was not *per se* unenforceable).

Courts consistently enforce similar forum selection clauses entered into as part of "clickwrap"

agreements such as the AdWords Contract. *See, e.g*, *Via Viente Taiwan, L.P. v. United Parcel*

*Service, Inc.*, No. 4:08-cv-301, 2009 WL 398729, at *2 n.1 (E.D. Tex. Feb. 17, 2009); *Realpage,*

*Inc. v. EPS, Inc.*, 560 F. Supp. 2d 539, 545 (E.D. Tex. 2007); *Feldman v. Google Inc.*, 513 F.

Supp. 2d 229, 236-38 (E.D. Pa. 2007). Indeed, this Court has approved the enforceability of a

forum selection clause based merely on *use* of a defendant's website. *Greer*, 2007 WL 3102178

at **2-3 (rejecting plaintiff's argument that a forum selection clause located in terms and

conditions on a company's website was unenforceable even though the customer ordered flowers

by telephone and not through the website).

Flowbee also cannot meet its substantial burden of proving that litigating in the

contractually-selected forum would be so inconvenient as to deprive it of its day in court. *See,*

*e.g., Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 596-97 (1991) (upholding validity of

forum selection clause in a form contract that required an elderly Washington State resident

injured in Panama to litigate in Florida, with which she had no other contact). In *Hartash*

*Construction*, for example, the Fifth Circuit affirmed dismissal based on a forum selection clause

that required the parties to litigate their claims in Missouri, holding that "the inconvenience of

trying a case in one state versus another is insufficient to invalidate a forum-selection clause."

2001 WL 361109 at *2. Here, too, any inconvenience in requiring Flowbee to litigate in

California is insufficient to invalidate the Parties' valid forum selection clause.

Moreover, Flowbee could have foreseen any inconvenience when it agreed to a contract

with a mandatory venue provision. *E.g.*, *Hartash Construction*, 2001 WL 361109 at *2

(enforcing a forum selection clause requiring a Louisiana resident to litigate claims in Missouri

because burdens of litigation were foreseeable at the time the contract was signed); *see also Carnival Cruise Lines*, 499 U.S. at 594 (plaintiffs were compensated for any inconvenience by receiving the reduced fares the cruise line could offer by limiting the fora in which it could be sued). Further, Flowbee has also proven that it is capable of litigating in the Northern District of California, as it moved for a preliminary injunction on trademark infringement grounds in that forum in 2004. *Robocut, Inc. v. Flowbee International, Inc.,* No. C 04 0979 (N.D. Cal. 2004), Preliminary Injunction (attached as Exhibit A to the Declaration of Carl C. Butzer dated September 13, 2009, submitted herewith as Exhibit 2 ("Butzer Decl.")). Litigating this matter in California, therefore, would not deprive Flowbee of its day in court.

Application of California law, as specified in the AdWords contract, is also not fundamentally unfair. Five of Flowbee's causes of action are based on federal trademark law, with the same remedies available regardless of the venue. Even if Flowbee's remaining causes of action under Texas law do not each have exact California analogues, so long as Plaintiff has *a* remedy under California law, enforcement of the clause is not fundamentally unfair. *See*, *e.g.*, *Alternative Delivery Solutions, Ind. v. R.R. Donnelley & Sons Co.*, No. SA05CA0172-XR, 2005 WL 1862631, *14 (W.D. Tex. Jul. 8, 2005). In *Alternative Delivery Solutions*, the Court held that not having "the same remedies" in Mexico as in an American forum does not deprive the plaintiff of its day in court. *Id*. Here, the differences in laws between the states would be far less extreme than between Mexico and an American forum. Indeed, both Texas and California courts analyze state law trademark claims the same as claims under the Lanham Act. *See*, *e.g.*, *Universal City Studios, Inc. v. Kamar Industries, Inc.*, No. H-82-2377, 1982 WL 1278, *6 (S.D. Tex. 1982); *Rearden LLC v. Rearden Commerce, Inc.*, 597 F. Supp. 2d 1006, 1015 (N.D. Cal. 2009).

Finally, enforcement of the forum selection clause in this case does not contravene any strong public policy of the State of Texas. Ordering a plaintiff to pursue claims in a court other than where it filed suit does not violate public policy. *E.g., Laserdynamics.*, 209 F.R.D. at 391 (dismissing action where enforcing the forum selection clause does not "frustrate[] a stout public policy.") In *Laserdynamics*, the Court enforced a forum selection clause requiring the parties to litigate in federal or state court in California, finding that doing so does not violate any public policies in Texas. *Id.*

Because Flowbee cannot satisfy its heavy burden of proving that the forum selection clause should not be enforced, its Complaint should be dismissed.

## II. ALTERNATIVELY, THIS ACTION SHOULD BE TRANSFERRED TO THE NORTHERN DISTRICT OF CALIFORNIA

In the event this Court denies Google's motion to dismiss, and chooses not to dismiss or transfer pursuant to 28 U.S.C. Section 1406(a), which gives the court discretion to do so "in the interest of justice," this action should be transferred to the Northern District of California under 28 U.S.C. Section 1404(a). *See*, *e.g.*, *U.S. v. Ross Group Const. Corp.*, No. SA-07-CA-0341-XR, 2007 WL 3119691, *5 (W.D. Tex. Oct. 23, 2007) (transferring the case based primarily on the forum selection clause). A forum selection clause "represent[s] the parties' agreement as to the most proper forum, and should be a significant factor that figures centrally in the district court's calculus." *Id*. at *4. Other factors to be considered under Section 1404(a) include the plaintiff's choice of forum; the ease of access to sources of proof; the availability of compulsory process to ensure the attendance of witnesses; the cost of attendance for willing witnesses and all other practical problems; the administrative difficulties from court congestion; local interest in having localized interests decided at home; familiarity of the forum with the law that will govern the case; and avoidance of unnecessary problems of conflict of laws. *See*, *e.g.*, *In re Volkswagen of*

*America, Inc.*, 545 F.3d 304, 314-15 (5th Cir. 2008). These factors either favor transfer or are neutral.

First, Flowbee's choice of this Court as a forum should receive little weight because Flowbee agreed in the AdWords Contract to litigate all disputes with Google relating to the AdWords program in the Northern District of California. Thus, the initial choice of forum, as evidenced by the forum selection clause, favors transfer to the Northern District of California. *See*, *e.g.*, *Ross Group Const. Corp.*, 2007 WL 3119691 at *5 (holding that where the other factors were neutral the forum selection clause "tips the scales in favor of transferring the case"). The interests of justice are best served by enforcing the forum selection clause since it protects the legitimate expectations the Parties had when entering into the contract. *See*, *e.g.*, *Azadi v. Berry Network, Inc.*, 858 F. Supp. 83, 84-85 (E.D. Tex. 1994) (holding that a forum selection clause was purposefully included and "should not be ignored simply in reaction to *post hoc* complaints by dissatisfied customers," and that transfer was therefore appropriate).

The remaining factors here either favor transfer to the Northern District of California or are neutral. Flowbee's claims focus on the manner in which Google manages its AdWords advertising program, and Google's principal place of business, from which it manages its AdWords program, is in Mountain View, California. Complaint, ¶ 9. Tellingly, Flowbee found this to be a sufficient reason for venue in the Northern District of California in a previous action in which it was involved. After its competitor, Robocut, filed a declaratory judgment against it, Flowbee counterclaimed for trademark infringement relating to the use of Google's advertising programs. *Robocut, Inc. v. Flowbee International, Inc.*, Case No. C 04 0979 (N.D. Cal. 2004), Counterclaim p. 13 (attached as Exhibit B to the Butzer Decl.). Although neither party was headquartered in the Northern District of California, Flowbee alleged that "[v]enue is proper in

this district . . . because a substantial part of the unfair competition and trademark infringement complained of herein has occurred and is occurring in this judicial district." Butzer Decl. ¶ 3, Ex. B, p. 7, ¶¶ 4, 6-8. This allegation was apparently predicated solely on the fact that Flowbee's competitor had "purchased . . . flowbee" as a keyword from search engines such as Google and Yahoo, which are based in the Northern District of California. *Id.*, ¶ 3, Ex. B, p. 8, ¶ 13.

Further, although at this early pleading stage the identity and domicile of all witnesses is not known, it is highly likely that the weight of the evidence and witnesses are located in California, where Google is headquartered. In all events, because one party will be inconvenienced by litigating away from its headquarters, at most, the convenience factor is neutral. *See Ross Group Const. Corp.*, 2007 WL 3119691 at *5 (finding convenience factor neutral because both parties had an interest in having the case in the venue closest to them).

Moreover, although this Court is capable of applying California law, as specified in the choice-of-law clause in the Parties' contract, local courts have a strong interest in enforcing their own law. *Stone & Webster Const., Inc. v. E-J Elec. Installation Co.*, No. H-06-2426, 2006 WL 2880453, *2 (S.D. Tex. 2006) (transferring an action that was to be decided under New York law to New York in part because a local court would be more familiar with New York law and thus that factor "weighs heavily in favor of transfer"). Thus, given the Parties' choice of California law, with which the Northern District of California is more familiar, this factor favors transfer.

Based on the significant weight of the forum selection clause, as well as the additional private and public interest factors, if this action is not dismissed under Rule 12(b)(3) or transferred under 28 U.S.C. § 1406(a), it should be transferred to the Northern District of California under § 1404(a).

## CONCLUSION

Because Flowbee entered a valid and binding contract with Google that contains a mandatory California forum selection clause, the parties' contract should be honored and this action should be dismissed under Rule 12(b)(3) of the Federal Rules of Civil Procedure, or alternatively transferred to the Northern District of California.

Respectfully submitted,

s/ Charles L. Babcock
CHARLES L. "CHIP" BABCOCK
LEAD LOCAL COUNSEL
Texas State Bar No. 01479500
Federal Bar No. 10982
JACKSON WALKER L.L.P.
1401 McKinney, Suite 1900
Houston, TX   77010-4008
(713) 752-4210
(713) 308-4110 - Fax
Email: cbabcock@jw.com

CARL C. BUTZER
CO-LOCAL COUNSEL
Texas State Bar No. 03545900
Federal Bar No. 16376
JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas  75202
(214) 953-5902
(214) 661-6609 - Fax
Email: cbutzer@jw.com

ATTORNEYS FOR DEFENDANT GOOGLE  INC.

OF COUNSEL:
Margret M. Caruso (*pro hac vice pending; motion for leave
to appear as attorney-in-charge to follow*)
California State Bar No. 243473
Quinn Emanuel Urquhart Oliver & Hedges, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065
(650) 801-5101
(650) 801-5100 – Fax
Email: margretcaruso@quinnemanuel.com

ATTORNEY FOR DEFENDANT GOOGLE  INC.

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2009, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case files system of the court. The electronic case files system sent a "Notice of Electronic Filing" to individuals who have consented in writing to accept this Notice as service of this document by electronic means. All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by first class mail today, September 14, 2009.


                                        s/ Charles L. Babcock
                                        Charles L. Babcock