# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

FLOWBEE INTERNATIONAL, INC. and
FLOWBEE HAIRCUTTER
LIMITED PARTNERSHIP,

      Plaintiffs,

v.

GOOGLE, INC.,

      Defendant.

§
§
§
§
§
§
§
§
§
§
§

CIVIL ACTION NO. 2:09-cv-199

JURY TRIAL DEMANDED

**PLAINTIFFS' SUR-REPLY IN SUPPORT OF RESPONSE TO DEFENDANT
<u>GOOGLE, INC.'S MOTION TO DISMISS UNDER RULE 12(b)(3)</u>**

Plaintiffs Flowbee International, Inc. ("Flowbee Int'l") and Flowbee Haircutter Limited Partnership ("Flowbee L.P."), (collectively "Flowbee"), file this Sur-Reply in Support of Response to Defendant Google, Inc.'s Motion to Dismiss Under Rule 12(b)(3), or alternatively, Motion to Transfer this Action to the Northern District of California.

**I.
ARGUMENT**

**A.    GOOGLE FAILS TO SATISFY ITS BURDEN TO SHOW THAT PLAINTIFFS'
CLAIMS ARE SUBJECT TO THE FORUM SELECTION CLAUSE IN THE 2007
ADVERTISING TERMS.**

Google does not dispute that it has the burden to show that both Plaintiffs and their claims are subject to the forum selection clause. Instead, Google attempts to satisfy this burden by misconstruing relevant precedent and ignoring the language of the 2007 Advertising Terms. As shown below, Google's attempts fail.

**1.  Google's Attempt to Rely on *Transfirst Holdings v. Phillips* Is Unavailing.**

As stated in Plaintiffs' Response, both this Court and the Fifth Circuit apply three tests to determine whether claims are within the scope of a contract's forum selection

clause: (1) whether the claims ultimately depend on the existence of the contractual relationship between the parties; (2) whether resolution of the claims relates to interpretation of the contract; and (3) whether the claims involve the same operative facts as a parallel claim for breach of contract. *Gullion v. JLG Serviceplus*, 2007 WL 294174, *5 (S.D. Tex. Jan. 29, 2007); *In re Yahoo!*, 313 Fed. Appx. 722 (5th Cir. 2009). Citing *Transfirst Holdings v. Phillips*, 2007 WL 631276 (N.D. Tex. Mar. 1, 2007), Google contends that these tests are inapplicable because the forum selection clause in the 2007 Advertising Terms purportedly encompasses matters beyond the scope of the contract. (Reply at 2 -3.) Google's contention fails. As shown below, the *Transfirst* court denied defendants' motion to dismiss for improper venue by applying the first test in *Gullion* and *In re Yahoo!*: whether claims ultimately depend on the existence of the contractual *relationship* between the parties.

In *Transfirst*, the court denied a motion to dismiss for improper venue filed by the defendants, former corporate officers of the plaintiff corporation. The motion to dismiss relied on a forum selection clause in the defendants' employment agreement with the plaintiff, requiring the parties to resolve "any dispute or claim relating to or arising out of Employee's employment relationship with Employer" in Orange County, California. *Transfirst*, 2007 WL 631276 at *11. Like this Court in *Gullion*, he court first stated that if the *substance* of the plaintiff's claims, stripped of their labels, does not fall within the scope of the forum selection clause, the clause cannot apply. *Id.*; *accord Gullion*, 2007 WL 294174 at *5. Contrary to Google's contention, the *Transfirst* court then applied first test from *Gullion* and *In re Yahoo!*: whether the claims ultimately depend on the existence of the contractual *relationship* between the parties. The court held that the claims for fraud and for breach of a separate contract arose from transactions "separate from the parties' *employment relationship*" and, "[t]herefore, . . . do not fall within the

scope of the *employment contract's* dispute resolution provision." *Transfirst*, 2007 WL 631276 at *12 (emphasis added). Although the court denied the motion to dismiss, it found that the forum selection clause applied to the fiduciary duty and RICO claims because "[t]hese claims . . . could not be brought in the absence of the *employment relationship*" created by the contract containing the forum selection clause. *Id*. at 13. Accordingly, contrary to Google's contention, the court in *Transfirst* applied the same analysis applied by this Court and the Fifth Circuit in *Gullion* and *In re Yahoo!*, respectively.

In all events, application of the holding in *Transfirst* to this case confirms that the forum selection clause in the 2007 Advertising Terms does *not* apply to Plaintiffs' claims. Just as the language of the contract in *Transfirst* limited the scope of the forum selection clause to the relationship created by the employment contract, the language of the 2007 Advertising Terms limits the scope of the forum selection clause to the relationship created by the 2007 Advertising Terms–*i.e.*, "*Customer's participation* in Google's advertising program(s) ('Program')." (Lee-Blumberg Decl., Ex. A at 1 (emphasis added).) Like the transactions underlying the fraud and breach of contract claims in *Transfirst*, the transactions underlying Plaintiffs' claims in this case–Google's unauthorized sale of Plaintiffs' trademark to third parties–"are separate and apart from the parties' [advertising] relationship," *Transfirst*, 2007 WL 631276 at *12, and support claims that could be brought "in the absence of the [advertising] relationship." *Id*. at *13. As a result, the forum selection clause in the 2007 Advertising Terms does not apply to Plaintiffs' claims.

Accordingly, this Court should deny Google's Motion to Dismiss.

## 2. Under All Relevant Principles of Contract Interpretation, the Forum Selection Clause Does Not Apply to Plaintiffs' Claims.

Google does not contest the primary rule of contract interpretation requiring this Court to read the forum selection clause and the terms regarding the scope of the 2007 Advertising Terms–*i.e.*, "These Terms govern *Customer's participation* in Google's advertising program(s) ('Program') . . . ."–together as whole. Instead, Google asserts that Plaintiffs' application of this primary rule ignores the specific terms of the forum selection clause, and somehow would exclude claims for breach of the 2007 Advertising Terms from the clause's application. (Reply at 6-7.) Google's assertion is mistaken.

The provisions regarding the scope of the 2007 Advertising Terms limit the application of the forum selection clause to matters relating to "Customer's [Plaintiffs'] participation in Google's advertising program(s) ('Program')." (Lee-Blumberg Decl., Ex. A at 1 (emphasis added).) Considering that the 2007 Advertising Terms are the means by which a Customer participates in Google's advertising programs, a claim for breach of those Terms–including the contract's "scraping" provisions–necessarily arises out of a Customer's participation in Google's advertising programs and, therefore, would be subject to the forum selection clause. Accordingly, contrary to Google's claim, reading the 2007 Advertising Terms as a whole, as required by a primary rule of contract interpretation, does not "negate the plain language of the forum selection clause." (Reply at 7.)[1]

---

[1] Google claims that "Flowbee fails to offer any reasonable alternate [sic] proposals for what the words 'all claims . . . relating to . . . the Google Programs' mean . . . ." (Reply at 5.) This claim is simply incorrect. Reading the contract as a whole, as required by fundamental principles of contract interpretation, shows that the forum selection clause encompasses claims arising out of or relating to the 2007 Advertising Terms and a Customer's participation in "Google's advertising program(s) ('Program')." For example, claims by Customers that Google's advertising fees charged under the contract are the result of price fixing in violation of federal antitrust laws arguably would be subject to the forum selection clause as a claim relating to the Google advertising program even though such claims do not allege breach of the 2007 Advertising Terms.

Google's claim that its overbroad interpretation of the forum selection clause is a "specific" term that prevails over the contract's expression of its overall purpose–*i.e.*, to "govern *Customer's participation* in Google's advertising program(s) ('Program')"–is also unavailing. (Reply at 6.) The rule regarding general and specific terms of a contract is a secondary rule of interpretation that does not apply if the application of a primary rule of interpretation, such as the requirement that a contract be construed as a whole, results in a reasonable interpretation of the contract. 11 Richard A. Lord, *Williston on Contracts* § 32:1 (4th ed. 1991). As shown by Plaintiffs' in their Response, construing the 2007 Advertising Terms as a whole results in the reasonable interpretation that the application of the forum selection clause is limited to claims that arise our of or relate to a Customer's participation in Google's advertising program. (Resp. at 10 – 11.) Accordingly, Google's proposed application of the rule regarding general and specific terms is inappropriate.

Even if application of the rule regarding general and specific terms were appropriate, "the meaning which arises from a particular, even more specific clause, cannot control the contract where such meaning defeats the agreement's overall scheme or purpose." 11 Richard A. Lord, *Williston on Contracts* § 32:10 (4th ed. 1991). The overall scheme or purpose of the 2007 Advertising Terms is to "govern *Customer's participation* in Google's advertising program(s) ('Program')." (Lee-Blumberg Decl., Ex. A at 1 (emphasis added).) Google's proposed interpretation of the forum selection clause to encompass claims that are wholly unrelated to Plaintiffs' participation in Google's advertising program–Google's unauthorized sale of Plaintiffs' trademark to

third parties–would defeat the overall purpose of the 2007 Advertising Terms and should be rejected.[2]

In essence, Google mistakenly contends that the terms "all claims" in the forum selection clause should encompass nearly all disputes between the parties. The primary authority on which Google's Reply relies, however, rejects this expansive interpretation. As stated above, in *Transfirst*, defendants' employment agreement required the parties to resolve "any dispute or claim relating to or arising out of Employee's employment relationship with Employer" in Orange County, California. *Transfirst*, 2007 WL 631276 at *11. The defendants' argued that the contract's use of expansive language such as "any dispute" encompassed claims unrelated to the relationship created by the contract. The court rejected this argument, stating that "the language of the contract itself" suggests that the parties intended to limit the application of the forum selection clause to the employment relationship. *Transfirst*, 2007 WL 631276 at *11. The same reasoning applies here. Under the language of the 2007 Advertising Terms–*i.e.*, "These Terms govern *Customer's participation* in Google's advertising program(s) ('Program') . . . ."– "more than a tangential connection to [Google's advertising programs] is necessary for the forum selection clause to apply." *Id*.

Accordingly, this Court should deny Google's Motion to Dismiss.

### 3. The Forum Selection Clause Does Not Apply to the Wrongful Conduct of Google Occurring Before February 9, 2007.

Although Google admits that the 2007 Advertising Terms could not have been executed by Plaintiffs until February 9, 2007, it nonetheless contends that the Terms's forum selection clause governs claims arising from Google's conduct occurring before

---

[2]  In all events, the more specific term of the 2007 Advertising Terms is the Preamble, which specifically addresses the scope of the contract.

that date merely because the Terms contain a merger clause. This claim is wholly without merit.

The only authority cited for Google's novel proposition that obligations under a contract can exist before its execution is *Aerus LLC v. Pro Team, Inc.*, 2005 WL 1131093 (N.D. Tex. May 9, 2005). In *Aerus*, the defendants sought dismissal for improper venue based upon a forum selection clause in a 2003 contract. Noting that a conflicting forum selection clause from a 2001 contract survived termination of the 2001 contract pursuant to its terms, the plaintiff contended that the 2003 forum selection clause was unenforceably ambiguous. *Aerus*, 2005 WL 1131093 at *2. The court held that the 2003 forum selection clause superseded the 2001 forums selection clause. Unlike this case, however, the *Aerus* plaintiff asserted claims arising from the conduct of defendant that began in June or July of 2004, *after the execution of the 2003 Agreement*. Complaint ¶ 14, *Aerus LLC v. Pro Team, Inc.*, 2005 WL 1131093 (N.D. Tex. Sept. 10, 2004). Here, Plaintiffs assert claims arising from conduct occurring *before* the execution of the 2007 Advertising Terms and its forum selection clause. Google's citation to *Aerus*, therefore, is irrelevant; any obligation created by forum selection clause in the 2007 Advertising Terms can not apply to conduct occurring before the execution of the Agreement on February 9, 2007.

Moreover, contrary to Google's claim, (Reply at 9), the plain language of the forum selection clause in the 2007 Advertising Terms does not refer to claims that are "filed" during the term of the contract, it refers to claims that "aris[e]" during the term of the contract. (Lee-Blumberg Decl., Ex. A at 3 (emphasis added).) Consequently, the forum selection clause cannot apply to all of Google's wrongful conduct because a portion  of Plaintiffs' claims arose before the execution of the 2007 Advertising Terms on February 7, 2009.

In summary, Google has failed to satisfy its burden to show that the forum selection clause in the 2007 Advertising Terms applies to all of Plaintiffs' claims. Accordingly, this Court should deny Google's Motion to Dismiss.

**B.  THIS COURT SHOULD DENY GOOGLE'S REQUESTED TRANSFER UNDER 28 U.S.C. § 1404(a).**

Relying on evidence it withheld from its original motion, Google claims that the private and public interest factors favor transfer of this case to the Northern District of California.  This claim fails.  This Court should reject Google's surprise tactics and disregard any evidence Google failed to include in its original motion.  Even in the unlikely event this Court considers such evidence, Google has failed to satisfy its significant burden to show good cause for its requested transfer.

**1.  The Private Interest Factors Do Not Favor Transfer Because Google Maintains an Office in Texas.**

Google contends that litigation of Plaintiffs' claims in Northern California will be more convenient because documents and employees regarding Google's advertising program reside there.  This claim is misleading.  Although the Declaration of Rose Hagan, Google's in-house trademark attorney, claims that "Google does not have office space in the Southern District of Texas or own any real property there," (Hagan Decl. ¶ 6), it fails to disclose that Google maintains an office in Austin, Texas, merely 171 miles from Corpus Christi.  The Austin Office of Google includes Google's Advertising Sales, Operations, and Enterprise department.  This team shapes advertising solutions that drive customer's strategic initiatives and keeps Customers "educated and informed in the ways that current and future Google products can enhance their online and/or offline presence."  (Attach. 1, Decl. C. Goodpastor, Ex. F.)  Residents of this Austin office will likely be witnesses in this litigation and will likely testify regarding functionality of Google's advertising programs, the fees charged to third parties for unauthorized use of

trademarked terms, and the incentives underlying Google's unauthorized use Plaintiffs' trademarks. In addition, significant documentary evidence likely resides in Google's Austin office.[3]

At best, Google's claims are a transparent attempt to shift the inconvenience of litigation in this District from Google to Plaintiffs. This attempt is improper and cannot support a motion to transfer. *Mid-Continent Cas. Co.*, 629 F. Supp. 2d at 762 (quoting *Spiegelberg v. Collegiate Licensing Co.*, 402 F. Supp. 2d 786, 789 (S.D. Tex. 2005) (court should not transfer a case if the only practical effect is to shift inconvenience from the moving party to the non-moving party).

Accordingly, contrary to Google's eleventh-hour claims, the private interest factors regarding relative ease of access to sources of proof and the cost of attendance of witnesses does not favor transfer.

## 2. The Public Interest Factors Do Not Favor Transfer.

Although Google's Attorney-In-Charge stated in open court that Plaintiffs' complaint "is based on trademark infringement. It does not arise out of the contract," (Resp., Attach. 2, Decl. C. Goodpastor, Ex. C at 44:25 – 5:2), Google nonetheless repeats its earlier argument that the choice of law clause governing construction of the contract warrants transfer of this action. This claim is without merit. As stated in Plaintiffs' Response, the choice of law clause in the 2007 Advertising Terms states that "[t]he Agreement must be construed as if . . . governed by California law except for its conflicts of laws principles." (Lee-Blumberg Decl. Ex. 1 ¶ 9.) Because construction of

---

[3] Google's claim that the location of former litigation counsel of RoboCut, Inc. and Flowbee in California warrants transfer is also unavailing. First, the information held by counsel to the prior litigation, which terminated in 2004, will likely be privileged and not subject to discovery. Second, although such individuals are not counsel to parties in this matter, as former counsel, their location should be given little weight. *See Ranger Security Detectors, Inc. v. Metorex, Inc.*, 2006 WL 504864 at *4 (W.D. Tex. Feb. 7, 2006) ("This Court does not consider the location of either counsel" in deciding a motion to transfer).

the 2007 Advertising Terms is not an issue in this litigation, it cannot support transfer of this matter.

Further, Google's claim that the delay associated with the congestion of the courts of the Northern District of California would not "unfairly prejudice" Plaintiffs is not only incorrect, it is irrelevant. The relative congestion of District Courts is a *public* interest factor. As shown in Plaintiffs' Response, transfer of this case would prejudice the Northern District of California and the public at large; whether prejudice would result to a private party is not relevant. In all events, unnecessary delay of the resolution of Plaintiffs' claims prejudices both Plaintiffs and Google.

In summary, Google has failed to satisfy its significant burden to show that the private and public interest factors warrant transfer of this case to the Northern District of California. Accordingly, this Court should deny Google's Motion to Transfer.

## II.
## CONCLUSION

For the foregoing reasons, this Court (1) should deny Defendant Google Inc.'s Motion to Dismiss Under Rule 12(b)(3) and (2) should deny Defendant Google Inc.'s Motion to Transfer this Action to the Northern District of California.

Dated: October 16, 2009

Respectfully submitted,

By: /s/ David T. Bright
David T. Bright
State Bar No. 02991490
Federal Bar No. 8628
WATTS GUERRA CRAFT, L.L.P.
500 North Water Street, Suite 1200
Corpus Christi, Texas 78471
(361) 887-0500 Telephone
(361) 887-0055 Telecopier

ATTORNEY-IN-CHARGE FOR
PLAINTIFFS

OF COUNSEL:

Mikal C. Watts
State Bar No. 20981820
Federal Bar No. 12419
WATTS GUERRA CRAFT, L.L.P.
500 North Water Street, Suite 1200
Corpus Christi, Texas 78471
(361) 887-0500 Telephone
(361) 887-0055 Telecopier

Christopher V. Goodpastor
State Bar No. 00791991
Federal Bar No. 18505
WATTS GUERRA CRAFT L.L.P.
811 Barton Springs Road
Suite 725
Austin, Texas 78704
Telephone: (512) 479-0500
Facsimile: (512) 479-0502

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of October 2009, I electronically filed the foregoing with the Clerk of Court for the U.S. District Court, Southern District of Texas, using the CM/ECF system of the court, which will send notification of such filing to the to individuals who have consented in writing to accept notification as service of this document by electronic means. All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by first class mail today, October 16, 2009.

/s/   *David T. Bright*
David T. Bright

ATTACHMENT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| FLOWBEE INTERNATIONAL, INC. and | § | |
| FLOWBEE HAIRCUTTER | § | |
| LIMITED PARTNERSHIP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. C-09-199 |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| GOOGLE, INC., | § | |
| | § | |
| Defendant. | § | |

## DECLARATION OF CHRISTOPHER V. GOODPASTOR

I, Christopher V. Goodpastor, pursuant to the provisions of 28 U.S.C. § 1746, declare:

1.      I am an attorney at law licensed to practice before the courts of the States
of Texas and California and in the United States District Court for the Southern District
of Texas.  I am an attorney with Watts Guerra Craft L.L.P., counsel for Plaintiffs
Flowbee International, Inc. and Flowbee Haircutter Limited Partnership in this matter.
I am fully familiar with the facts stated below and submit this declaration and the
attached exhibits in support of Plaintiffs' Sur-Reply in Support of Response to
Defendant Google, Inc.'s Motion to Dismiss Under Rule 12(b)(3), or alternatively,
Motion to Transfer This Action to the Northern District of California.  All of the
statements of fact in this Declaration are true and correct according to my personal
knowledge.

2.      Attached as Exhibit F is a true and correct copy of the website maintained
by Google, Inc. at http://www.google.com/support/jobs/bin/topic.py?dep_id=
1086&loc_id=11713&topic=1086 and http://www.google.com/intl/en/jobs/
locations.html, which I accessed on October 16, 2009.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 16th day of October 2009, in Austin, Texas.

_/s/ Christopher V. Goodpastor_____
Christopher V. Goodpastor

EXHIBIT F

# Google Jobs

## Explore our offices

Search US openings



**Google Austin**
9606 North MoPac Expressway
Suite 400
Austin, TX 78759
View all openings at this location

## Browse our offices

**Asia Pacific**

**EMEA** (Europe, Middle East, and Africa)



# Google Jobs

Jobs

Life at Google

Office locations

Joining Google

Student jobs

View job cart

## Advertising Sales, Operations, and Enterprise (Texas - Austin)

At Google, we organize and change around our customers. Google's Advertising Sales team embodies that pursuit: We're devoted to finding relevant solutions that meet our clients' changing advertising needs. In that regard, Advertising Sales does more than simply make money for our company. Our team members work hard to identify our clients' business challenges, collaboratively shape solutions that drive their strategic initiatives, and keep them educated and informed in the ways that current and future Google products can enhance their online and/or offline presence. In addition to being engaging and personable, analytical and proactive, and energetic and creative, the Sales team is passionate about the ways in which Google technology enables the world's biggest advertisers to enjoy immediate and accountable communication with the consumer.

### Browse U.S. openings

Locations > Texas - Austin > **Advertising Sales, Operations, and Enterprise**

- Enterprise Inside Sales Representative - Austin
- Enterprise Lead Generation Associate - Austin (Temporary assignment)
- Enterprise Lead Generation Manager - Austin

©2009 Google - Home - About Google - Privacy Policy